UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| DONALD RAY JONES, Jr., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:11-cv-363 |
| | ) | *Mattice/Lee* |
| DAVID SEXTON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

On September 16, 2005, upon his pleas of guilty, Donald Ray Jones, Jr., was convicted in the Hancock County Criminal Court of two counts of first-degree felony murder and, thereafter, was sentenced to two concurrent life terms of imprisonment, with the possibility of parole. He has filed this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the legality of his confinement under that judgment of conviction, (Doc.1).

Respondent filed an answer to the petition, which, upon his motion, has been construed as a motion for summary judgment, (Docs. 10 and 13-14). Petitioner has responded in objection to respondent's motion, (Doc. 17), and this habeas corpus case is now ripe for disposition.

I. **Standard of Review**

Summary judgment will be granted with respect to respondent's motion, so long as whatever is before the Court by way of pleadings, answers, records, and other pertinent documents demonstrates that there is no genuine dispute as to any material fact and that

respondent is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

## II. Respondent's Motion

In his motion, respondent argues that the petition is time-barred. The motion is supported by copies of the relevant state court record, (Doc. 12, Notice of Filing of Documents, Addenda 1-2). After reviewing the pleadings, the state court record, and petitioner's response, the Court finds that the Warden's motion should be **GRANTED** and this petition **DISMISSED** as untimely.

## III. Discussion

*A. Timeliness*

The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations governing the filing of an application for a federal writ of habeas corpus. *See* 28 U.S.C. § 2244. The statute begins to run when one of four circumstances occurs: the conclusion of direct review; upon the removal of an impediment which prevented a petitioner from filing a habeas corpus petition; when a petition alleges a constitutional right, newly recognized by the Supreme Court and made retroactive on collateral review; or when a claim depends upon factual predicates which could not have been discovered earlier through the exercise of due diligence. *Id.* The time is tolled, however, during the pendency of a properly-filed application for state post-conviction relief. *Id.*

Here, the first circumstance is the relevant one. Petitioner was convicted on September 16, 2005, and his conviction and judgment became final thirty days later (i.e., on October 16, 2005), upon the lapse of the time for seeking an appeal. *See State v.*

2

*Green*, 106 S.W.3d 646, 650 (2002) (A judgment based on a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of the sentence.). Thus, for purposes of § 2244(d)(1)(A), the time period for filing his § 2254 petition would end one year afterward, i.e., on October 16, 2006.

As noted, however, the limitations statute is tolled while a properly-filed state post-conviction is pending. *See* 28 U.S.C. § 2244(d)(2). Petitioner filed an application for state post-conviction relief in the Hancock County Criminal Court on August 31, 2006, (Addendum 1, vol. 1), after AEDPA's one-year clock had ticked for three-hundred and nineteen (319) days. The post-conviction petition was denied on August 21, 2009, and petitioner did not appeal within the thirty-day time period allotted for filing a notice of appeal. *See* Tenn. R. App. P. 4(a).

Instead, his appeal, which was filed on September 25, 2009, was dismissed as untimely by the Tennessee Criminal Court of Appeals ("TCCA") and the Tennessee Supreme Court denied him permission to appeal that decision on June 1, 2011. *Jones v. State*, No. E2009–02083–CCA–R3–PC, 2011 WL 398034, 1 (Tenn. Crim. App. Feb. 8, 2011*), perm. to app. denied* (Tenn. 2011). Under the prison mailbox rule, *see Houston v. Lack*, 478 U.S. 266, 276 (1988); *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999), petitioner filed this instant application for habeas corpus relief on July 27, 2011.

Because petitioner's appeal of his post-conviction case was dismissed by the state court as untimely filed, it was not a "properly filed" post-conviction petition and, thus, cannot serve to stop AEDPA's clock from ticking. *See Evans v. Chavis,* 546 U.S. 189, 141, 126 S.Ct. 846, 849 (2006) ("The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination,

and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law.") (citing *Carey v. Saffold*, 536 U.S. 214, 122 S. Ct. 2134, 153 L.Ed.2d 260 (2002)); *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) ( "[W]e hold that time limits, no matter their form, are "filing" conditions. Because the state court rejected [the] petition as untimely, it was not "properly filed," and he is not entitled to statutory tolling under § 2244(d)(2)."); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (A properly-filed state collateral action is one which complies with applicable state laws and rules governing filings, including time limits upon its delivery.).

Accordingly, AEDPA's clock resumed ticking on September 20, 2009, which was thirty (30) days after the state trial court denied the post-conviction petition on August 21, 2009. The ticking continued for forty-six (46) days and stopped on November 5, 2009. As noted, petitioner filed his § 2254 application on August 8, 2011, which was one year and nine months after the lapse of AEDPA's statute of limitations.

To refute that his petition is time-barred, petitioner offers various arguments. Petitioner argues that the TCCA had the authority to waive the late-filing of his notice of appeal in the interest of justice; that the state court rendered a decision on the merits; and (inferentially) that the state court, by addressing the merits of his claims, did not rely on the state rule of waiver to bar his claims. He is incorrect on all fronts.

First, the TCCA specifically held: "Based upon our review of the record, we conclude that the interest of justice does not require that we waive the timely filing of the Petitioner's notice of appeal." *Jones,* 2011 WL 398034, at * 5. Clearly, the TCCA relied on its waiver rule. Secondly, whether the TCCA was wrong not to decide that it would be in the interest of justice to overlook the belatedness of his notice of appeal is not an issue

4

for this federal habeas court, as it is purely a matter of state law, which cannot be entertained here. *See Post v. Bradshaw*, 621 F.3d 406, 427 (6th Cir. 2010) (Alleged violations of state law are not cognizable in a habeas corpus proceeding.) (citing *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984)).

Furthermore, a state court may render an alternative decision on the merits of a claim and still rely on a state rule of waiver to bar federal habeas corpus review. *Harris v. Reed*, 489 U.S. 255, n.10 (1989) (holding that a state court invocation of an adequate and independent state procedural rule precludes habeas corpus review, even if the state court alternatively rules on the merits of a claim).

B. *Equitable Tolling*

The one-year statute of limitations in AEDPA, however, is not jurisdictional and is subject to equitable tolling in an appropriate case. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling applies only where a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing." *Id.* at 649 (quoting *Pace*, 544 U.S., at 418).

Petitioner seeks the benefit of equitable tolling by contending that, because his attorney failed to notify him, he was unaware that that the TCCA had ruled on his post-conviction appeal and that AEDPA's one-year statute of limitation had begun to run. Petitioner maintains that he learned of the TCCA's decision when an inmate verified on the WestLaw prison computer that petitioner's appeal in the TCCA was no longer pending. He additionally maintains that, upon discovering that his counsel had been arrested during the pendency of his appeal, another inmate helped him file this instant federal habeas corpus petition.

5

These arguments are unavailing for several reasons. First, the record does not support that petitioner filed his habeas corpus petition soon after he learned that the TCCA had decided his case or, in his own words, that his habeas "petition was diligently pursued as soon as the [T]CCA's ruling was discovered,"(Doc. 17 at 6). Petitioner omitted from his recounting that he took a further step in the state appellate review process by filing an application for permission to appeal in the Tennessee Supreme Court, (Addendum 2, Doc. 4). It was only after the state supreme court declined to permit him any further review, (*Id.*, Doc. 5), that he filed the instant habeas corpus application.

Secondly, the AEDPA statute did not resume running when the TCCA denied his appeal; the event that started the clock ticking again was the lapse of the thirty-day time period allotted for his notice of appeal, following the trial court's dismissal of his post-conviction application. That event occurred before the TCCA issued its opinion and, indeed, before the untimely notice itself was filed.

Furthermore, to the extent that petitoner is claiming that equitable tolling is warranted due to his counsel's purported error in failing to notify him that the TCCA had issued its opinion, that claim is rejected. The alleged attorney error necessarily would have occurred on or after February 8, 2011, when the TCCA issued its decision, which was well after AEDPA's statute had lapsed. Thus, the claimed attorney error provides no basis for equitable tolling.

The Court now finds that the petition is untimely and that petitioner does not qualify for equitable tolling of his § 2254 limitations statute.

C.   *Certificate of Appealability*

Finally, the Court does not believe that jurists of reason would question whether the

6

petition is timely or whether equitable tolling saves this otherwise untimely petition. Nor would reasonable jurists conclude that the timeliness or equitable-tolling issues "are adequate to deserve encouragement proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Therefore, the Court will **DENY** issuance of a COA. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IV. **Conclusion**

Because this petition is untimely, respondent's dispositive motion will be **GRANTED** and this petition will be **DISMISSED**.

A separate judgment will enter.

**ENTER**:

          */s/ Harry S. Mattice, Jr.*
          HARRY S. MATTICE, JR.
          UNITED STATES DISTRICT JUDGE